IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-67-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MALIK OTHMAN MOYE, ) | |
| ) | |
| Defendant. ) | |

On November 15, 2010, pursuant to a written plea agreement, Malik Othman Moye ("Moye") pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack), 5 kilograms of cocaine, and a quantity of marijuana (count one) and possession of firearms in furtherance of a drug-trafficking crime (count four). See [D.E. 1, 32, 33]. On April 4, 2011, the court held Moye's sentencing hearing. See [D.E. 33]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 33]; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Moye's total offense level to be 35, his criminal history category to be III, and his advisory guideline range to be 210 to 262 months' imprisonment on count one and 60 months' imprisonment on count four. See [D.E. 33]. After granting the government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Moye to 48 months' imprisonment on count one and 60 months' imprisonment on count four to run consecutively. See [D.E. 33]. Moye did not appeal.

On January 29, 2015, Moye moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 39]. Moye's new

advisory guideline range on count one is 168 to 210 months' imprisonment, based on a total offense level of 33 and a criminal history category of III. See Resentencing Report. Moye requests a 38-month sentence on count one and a 60-month sentence on count four to run consecutively. See id.

The court has discretion to reduce Moye's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Moye's sentence, the court finds that Moye engaged in serious criminal behavior. See PSR ¶¶ 8–12. The conspiracy took place for approximately nine years and involved over 9 kilograms of cocaine base (crack) and 90 kilograms of cocaine. See id. Moye's offense conduct also involved possession of firearms in furtherance of drug trafficking. See id. Finally, Moye has taken some positive steps while incarcerated on his federal sentence, but has been sanctioned for fighting. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Moye received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Moye's sentence would threaten public safety in light of his serious criminal conduct and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Moye's motion for reduction of sentence under Amendment 782. See, e.g.,

Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Moye's motion for reduction of sentence [D.E. 39].

SO ORDERED. This 13 day of October 2017.

JAMES C. DEVER III
Chief United States District Judge